

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed May 25, 2007                                                           **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| Nuri and Nebije Kaba, | § § | Case No. 05-92263-DML-7 |
| Debtors. | § § | |
| Shawn K. Brown, Ch. 7 Trustee, Plaintiff | § § § | |
| v. | § § | Adversary 06-04107 |
| Envera Kaba, Defendant. | § § | |

## **MEMORANDUM OPINION**

Before the court are (1) the Trustee's objection to an exemption claimed by the named Debtors (the "Objection"); and (2) the captioned adversary proceeding (the "Adversary"), which has been submitted to the court for disposition based on stipulated facts. These matters are subject to the court's core jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), (F) and (O). This memorandum opinion constitutes the court's findings and conclusions. Fed. R. Bankr. P. 7052 and 9014.

## I. Background

Debtors filed for relief under chapter 7 of the Bankruptcy Code (11 U.S.C. §§ 101 et seq. the "Code")[1] on October 11, 2005. Less than two months prior to filing, Debtors transferred to their son, Defendant Enver Kaba, $16,000 in payment of an antecedent debt owed to Defendant by Debtors. The $16,000 represented the bulk of the proceeds of the sale of Debtors' homestead.[2]

In their Schedule C, Debtors claimed exemptions under the federal scheme (Code § 522(d)). Included among the claimed exemptions was the $16,000 payment to Defendant. As justification for this claimed exemption, Debtors cited the "wild card" exemption of section 522(d)(5).

The Trustee timely filed the Objection (Fed. R. Bankr. P. 4003(b)) and thereafter commenced the Adversary seeking to recover the $16,000 as a preference.[3] The parties are not in disagreement that the transfer to Defendant meets all tests for avoidance as a preference under Code §§ 574(b) and 550 except that, if the claim of exemption is valid, Defendant did not receive more by reason of the transfer than he would have in Debtors' chapter 7 had the transfer not been made. Thus, disposition of the Adversary turns on determination of the Objection.

## II. Discussion

To begin with, although Debtors did not invoke state law in claiming their exemptions, to the extent the money transferred to Defendant could be exempt from creditor claims at the time of the transfer, it would be under Texas law. This is so because, as is self-evident, Debtors could

---

[1] As this case was filed prior to the effective date of most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the Code as then in effect governs these matters. Where applicable, changes made by BAPCPA will be identified below.

[2] Defendant purchased the home with borrowed funds.

[3] Plaintiff also asserted a right to recover the transfer as fraudulent. The stipulation of the parties, however, does not address that claim, nor need the court reach it in light of its determination that the transfer was a preference.

take advantage of the federal scheme of exemptions only upon filing bankruptcy. This is significant because, if the $16,000 was not exempt at the time of transfer, creditors might have reached it through execution. If, on the other hand, the money was exempt, Debtors' argument that the Trustee cannot now reach it is obviously strengthened.

Under Texas law, proceeds of a sale of an exempt homestead may be exempt from execution as well. *See* Tex. Prop. Code Ann. § 41.001(c). However, the exemption for proceeds from a sale of a homestead is only available if the proceeds are held with the intent of reinvesting them in a new homestead. *See Hill v. Jones (In re Jones)*, 327 B.R. 297, 301-2 (Bankr. S.D. Tex. 2005) and cases cited therein. In the case at bar, the intent of Debtors was not to reinvest the proceeds of the sale in a new homestead; rather, as evidenced by the roughly contemporaneous transfer to Defendant, they intended to use the proceeds to satisfy an antecedent debt. Given this intent, the proceeds were not ever exempt. *See id.*

Since the $16,000 was not exempt from execution under state law at the time of its transfer to Defendant, Debtors' claim of exemption depends entirely on their ability to claim as exempt under the federal wild card exemption money they did not themselves assert ownership of at the commencement of their chapter 7 case. In determining whether such a claim should be allowed, the court must begin its analysis with the terms of the Code. *See Security Services, Inc. v. K Mart Corp.*, 511 U.S. 431, 448 (1994); *see also In re LaFlamme*, 14 B.R. 21 (B.A.P. 1st Cir. 1981) (applying a literal meaning standard to section 522(d)(5)).

Section 522(d)(5), pursuant to which Debtors claim exemption of the $16,000, provides:

>  (d) The following property may be exempted under subsection (b)(1)[4] of this section:
>
>  (5) The debtor's aggregate interest in any property, not to exceed in value $975 plus up to $9,250 of any unused amount of the exemption provided under paragraph (1) of this subsection.[5]

---

[4] Section 522(d) was changed by BAPCPA to reflect that section 522(b)(1) was renumbered as (b)(2).

This provision allows exemption of the $16,000 if that exemption falls within the scope of section 522(b)(1), which reads:[6]

> (b) Notwithstanding section 541 of [the Code], an individual debtor may exempt *from property of the estate* the property listed in . . . paragraph . . .
>
> (1) Property that is specified under subsection (d) of this section . . . .

(emphasis added).

Thus, in order to invoke section 522(d)(5), the debtor must designate property that is property of the estate. Whether or not the $16,000 transferred to Defendant may be exempted under section 522(d)(5) therefore depends on whether it is property of the estate. Section 541(a) of the Code describes property of the estate. Subsections (2), (4), (5), (6) and (7) of section 541(a) have no application to the case before the court; whether the $16,000 is property of the estate will turn on section 541(a)(1) and (3).

Section 541(a)(1) provides that the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." It is clear from the stipulation of the parties that, at the commencement of their case, Debtors had (and claimed) no right, title or interest in the money transferred to Defendant. It is true that actions to recover damages or property become property of the estate under section 541(a)(1). *See In re Polis,* 217 F.3d 899 (7th Cir. 2000); *In re Smith*, 640 F.2d 888 (7th Cir. 1981), *In re LaFlamme*, 14 B.R. 21 (B.A.P. 1st Cir. 1981). These cases, however, involve suits the *debtor* might have brought. The Adversary could only be brought by the Trustee (or other representative) in his capacity as estate

---

[5] Section 522(d)(1) provides an exemption of up to $18,450 for a homestead. Because Debtors had no homestead at the time of filing their chapter 7 petition, each was entitled under section 522(d)(5) to exempt property of a value of up to $10,225 ($975 + $9,250).

[6] Section 522(b)(1) (in addition to being renumbered) was modified by BAPCPA, but the changes do not affect the meaning of the section.

representative (*see* 5 Collier on Bankruptcy ¶¶ 547.11 and 548.06 (15th ed. rev. 2005)) and, hence, the potential right to recover the $16,000 does not fall within section 541(a)(1).[7]

Section 541(a)(3) provides that property of the estate includes "[a]ny interest in property that the trustee recovers under section . . . 550 . . .of [the Code]." While, at first blush, this would seem to bring within property of the estate (and so make exemptible under section 522(d)(5)) any moneys recovered by the Trustee through the Adversary, to read section 522(d) and 541(a) this way would be inconsistent with the obvious intent of Congress in enacting section 522(g). Section 522(g) provides that a debtor may exempt property recovered in an avoidance action by the trustee if either the recovered property was involuntarily transferred by the debtor or the recovery stripped a lien the debtor could have avoided under section 522(f)(1)(B).[8] To read section 522(d)(5) as allowing a debtor to exempt *any* property recovered by the trustee pursuant to section 550 would obviate section 522(g). A statute should not be read in such a fashion. *See In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 253 (5th Cir. 2006) (holding that in interpreting a statute, it is a cardinal rule that the statute is to be read as a whole, in order not to render portions of it inconsistent or devoid of meaning).

The court concludes, therefore, that the $16,000 was not (and will not be) property of the estate subject to exemption pursuant to section 522(d)(5). That being so, the Objection must be sustained. If the $16,000 is not subject to exemption, clearly it is recoverable as a preference by the Trustee for the benefit of creditors. Judgment therefore must enter in favor of Plaintiff and against Defendant in the Adversary.

---

[7]  Only as provided in sections 522(f) and 522(h) may a chapter 7 debtor pursue avoidance actions. Neither of these sections would be applicable in the case at bar.

[8]  Prior to BAPCPA (and after the 1994 amendments to the Code) section 522(g) referred to section 522(f)(2), but this appears to have been a drafting error. *See* 4 Collier on Bankruptcy ¶ 522.12[1] n.2, 15th ed. rev. 1998.

### III. Conclusion

The Trustee is directed to prepare and submit, upon three business days' notice to counsel for Debtors and Defendant, (1) an order sustaining the Objection and (2) a judgment against Defendant in the amount of $16,000 plus court costs.

# # # # END OF MEMORANDUM OPINION # # # #